*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0042**

State of Minnesota,
Respondent,

vs.

Mae Norma Przymus,
Appellant.

**Filed September 2, 2014
Affirmed
Halbrooks, Judge**

Lyon County District Court
File No. 42-CR-11-726

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Richard R. Maes, Lyon County Attorney, Tricia B. Zimmer, Assistant County Attorney, Marshall, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Ross, Judge; and Chutich, Judge.

**U N P U B L I S H E D   O P I N I O N**

**HALBROOKS**, Judge

On appeal from the revocation of her probation, appellant argues that the district court abused its discretion in determining that her probation violation was intentional and

inexcusable and that the need for confinement outweighs the policies favoring probation. We affirm.

## FACTS

Under the terms of a plea agreement, appellant Mae Norma Przymus entered an *Alford* plea to one count of check forgery in violation of Minn. Stat. § 609.631, subd. 2(1) (2010). Przymus received a downward dispositional departure from the guidelines sentence, which was a presumptive commitment to the commissioner of corrections. The district court imposed and stayed a sentence of 25 months, placed Przymus on probation, and ordered her to serve 90 days in the Lyon County jail beginning no later than July 8, 2013. Przymus failed to report to jail, and probation recommended that her sentence be executed.

At her probation-revocation hearing, Przymus admitted that she had received a dispositional departure and had been required as a condition of her probation to report to jail by July 8, that she had failed to report as required, that this was a violation of her probation, and that she knew that "there would probably be a warrant" for her arrest. Przymus testified that on July 7, she had called the jail and stated that she lacked transportation to report to the jail, which was 40 miles from her home. The state noted that in addition to failing to report, Przymus had "done zero" on her other probation requirements, including failing to make contact with probation agents or to pay fines and restitution. After reviewing Przymus's memorandum in support of her dispositional recommendation and hearing Przymus's testimony and the arguments of counsel, the district court stated on the record:

2

I would make findings that the Defendant knew the specific condition that was violated; that was her requirement to report to jail. I would find that the violation is intentional or inexcusable and at this point the need for confinement outweighs policies favoring probation. The offender is in need [of] correctional treatment [that] can most effectively be provided if she is confined, and to fail—fail to execute the Defendant's sentence at this time would seriously depreciate the significance of the violation itself.

Ms. Przymus, if you're going to be on probation, you have to have a desire and want to do the things that you must do to successfully complete probation. By your behaviors here, you have demonstrated that you do not—you either are unwilling or unable to do so. I have no alternative but to execute sentence on this matter.

This appeal follows.

## D E C I S I O N

After an offender violates probation, the district court may continue probation, impose intermediate sanctions, or revoke probation and impose the stayed sentence. Minn. Stat. § 609.14, subd. 3(2) (2012). A district court's determination that sufficient evidence exists to revoke probation is reviewed for abuse of discretion. *State v. Austin*, 295 N.W.2d 246, 249-50 (Minn. 1980).

Under *Austin*, the district court must make findings[1] on three factors before revoking probation: (1) designating the specific condition of probation that was violated; (2) finding that the violation was intentional or inexcusable; and (3) finding that the need for confinement outweighs the policies favoring probation. *Austin*, 295 N.W.2d at 250.

---

[1] The district court may satisfy this requirement by "stating its findings and reasons on the record, which, when reduced to a transcript, is sufficient to permit review." *State v. Modtland*, 695 N.W.2d 602, 608 n.4 (Minn. 2005).

3

Przymus concedes that she violated her probation by failing to report to jail. And the district court made a clear finding on the record that the violation at issue was Przymus's failure to report to jail. The first *Austin* factor is therefore satisfied.

Przymus argues that the district court abused its discretion in revoking her probation because the second and third *Austin* factors were not satisfied. With respect to the second *Austin* factor, the district court found that Przymus's failure to report to jail was "intentional or inexcusable." Przymus argues that because she did not have transportation and alerted the jail to this obstacle, the district court abused its discretion in finding that her failure to report was intentional or inexcusable.

The district court rejected this argument, finding that Przymus was "unwilling or unable" to satisfy the conditions of her probation. Przymus had 12 days after her sentencing hearing to arrange transportation to the Lyon County jail. She nevertheless failed to report, with full knowledge of the July 8 deadline. Under these circumstances, the district court acted within its discretion in determining that Przymus's violation was "intentional or inexcusable."

The third *Austin* factor is whether the need for confinement outweighs the policies favoring probation. *Id.* When assessing whether revocation is proper under the third *Austin* factor, the district court should consider whether (1) "confinement is necessary to protect the public from further criminal activity by the offender"; (2) "correctional treatment . . . can most effectively be provided if [the offender] is confined"; or (3) "it would unduly depreciate the seriousness of the violation if probation were not revoked."

*Modtland*, 695 N.W.2d at 607. The district court need only find the existence of one of these sub-factors. *Austin*, 295 N.W.2d at 251.

Here, the district court found that "at this point the need for confinement outweighs policies favoring probation." The court specifically found that "to . . . fail to execute [Przymus's] sentence at this time would seriously depreciate the significance of the violation itself" and that Przymus is "in need [of] correctional treatment [that] can most effectively be provided if she is confined." Given Przymus's criminal history and her failure to comply with the conditions of her probation, these findings are supported by the record.

The record reflects that despite Przymus's extensive criminal history, the district court gave her another chance when it sentenced her to a downward dispositional departure. But Przymus failed to take advantage of the probation opportunity by disregarding the terms of her probation. Przymus not only failed to report to jail in July, she failed to make any contact with probation or to pay restitution or fines. We conclude that the district court acted within its discretion in revoking Przymus's probation and executing her sentence.

**Affirmed.**